UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LULA WILLIAMS, ET AL., <br>     Plaintiffs, <br> v. <br> BIG PICTURE LOANS LLC, et al., <br>     Defendants. | Case No. 17-mc-80166-SVK <br><br> **ORDER TRANSFERRING DEFENDANT MATT MARTORELLO'S MOTION TO QUASH PLAINTIFFS' SUBPOENAS TO NON-PARTY ARANCA US, INC. TO THE EASTERN DISTRICT OF VIRGINIA, PURSUANT TO FED. R. CIV. P. 45(F)** <br><br> Re: Dkt. No. 1 |

## RELEVANT BACKGROUND

Before the Court is the motion of Defendant Matt Martorello to quash or modify a subpoena served on third party Aranca US, Inc., which from the subpoena appears to be located in this district, by the Plaintiffs in an action pending in the Eastern District of Virginia. *Williams v. Big Picture Loans, LLC*, E.D.Va. Case No. 3:17-cv-00461-REP-RCY (the "Virginia action"). ECF 1.

In support of his motion to quash, Martorello argues that the subpoena to Aranca was improper because it seeks impermissible merits discovery, not jurisdictional discovery, in violation of the Federal Rules of Civil Procedure and the Virginia District Court's discovery rulings. Specifically, Martorello argues that merits discovery has not opened in the Virginia action because the parties have not yet engaged in the conference required under Rule 26(f) and asserts that the Virginia judge has limited discovery to jurisdictional issues. Martorello also argues that some of the documents sought by Plaintiffs' subpoena to Aranca contain information protected by the attorney-client privilege and the work product doctrine.

Plaintiffs oppose Martorello's motion to quash, arguing that Martorello "misrepresents the

procedural posture and direct rulings from the [Virginia] district court on the scope of the jurisdictional discovery." ECF 7 at 16. Plaintiffs also argue that Martorello's motion to quash is untimely and that the information sought by the subpoena is not subject to privilege or work product protection.

Third party Aranca, the recipient of the subpoena at issue, has not appeared or filed any briefing in connection with the motion to quash.

In accordance with Civil Local Rule 7-1(b), the Court finds this matter suitable for determination without oral argument. For the reasons discussed below, the Court ORDERS that the motion to quash be transferred to the Eastern District of Virginia for decision in the underlying Virginia action.

**LEGAL STANDARD**

Plaintiffs' subpoena to third party Aranca was issued pursuant to Federal Rule of Civil Procedure 45. Under Rule 45(d), the court may quash or modify a subpoena upon timely motion on grounds stated in the rule. Fed. R. Civ. P. 45(d)(3). A motion to quash a subpoena must be filed in the court for the district where compliance is required. Fed. R. Civ. P. 45(d)(3)(a). "When the court were compliance is required did not issue the subpoena, it may transfer the motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). If the compliance court transfers the subpoena dispute to the issuing court, the matter may be transferred back to the compliance court for enforcement. *Id.*

**DISCUSSION**

Martorello properly filed the motion to quash in this district because compliance was required here. *See* ECF 7-2. However, the Court finds that the circumstances surrounding the motion to quash are exceptional and warrant transfer of the motion to the Eastern District of Virginia, the Court that issued the subpoena.

Whether to transfer a subpoena-related motion to the issuing court is committed to the discretion of the court where compliance is required. *Youtoo Techs., LLC v. Twitter, Inc.*, No. 17-mc-80006-JSC, 2017 WL 431751, at *1 (N.D. Cal. Feb. 1, 2017) (citing *Moon Mountain Farms,*

1   *LLC v. Rural Comm'y Ins. Co.*, 301 F.R.D 426, 429 (N.D. Cal. 2014)). The Advisory Committee

2   explained that "prime concern" underlying the 2013 amendments to Rule 45(f) is "avoiding

3   burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f) Advisory Comm. Note

4   (2013); *see also AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-3393-YGR (JSC), 2014 WL

5   6706873, at *2 (N.D. Cal. Nov. 25, 2014 (noting that "the amendments to the rule were designed

6   to protect the subpoenaed party").

Here, the subpoenaed party, Aranca, has not participated in the briefing on the motion to quash. The information presented to the Court indicates that Aranca is simply awaiting the outcome of the parties' jurisdictional and privilege fights and will comply with whatever a court may order. *See* ECF 7-5 (correspondence from Aranca's counsel indicating that it would withhold purportedly privileged documents "pending the outcome of Bellicose's Motion"). This discovery fight, therefore, is between the parties to the Virginia action and properly belongs in that court. *See Youtoo Techs.*, 2017 WL 431751, at *2. Transferring this motion to the Virginia district court will not impose any burden on Aranca.

The Virginia district court is also better suited to decide the parties' subpoena dispute. The parties offer conflicting interpretations of the Virginia's court's September 1, 2017 order on discovery and an October 16, 2017 conference call with that court. *Compare* ECF 3 at n.1 (Martorello's argument that "Plaintiffs have never engaged in the conference required under Rule 26(f) prior to serving the subpoena on Aranca seeking merits discovery" and that "Plaintiffs have been authorized to conduct discovery into limited jurisdictional issues raised by other defendants") and ECF 12 at 3 (Martorello's argument that the Virginia court's September 1, 2017 order expressly limited the scope of discovery to jurisdictional issues) *with* ECF 7 at 16-17 (Plaintiffs' argument that during the October 16, 2017 conference call, the Virginia court "overruled objections to third party discovery" and explained "it's perfectly all right to use any procedural vehicle authorized by the Federal Rules of Civil Procedure in pursuit of the discovery about a jurisdictional issue"). The Virginia district court is far better situated than this Court to determine whether the subpoena to Aranca falls within current scope of discovery in the Virginia action. Indeed, it appears that the issue of third party discovery has already been discussed with that court,

and thus transfer of this motion to the issuing court may help avoid inconsistent rulings on the scope of discovery. *See Costco Wholesale Corp. v. Crane*, No. 16-mc-80189-JSC, 2016 WL 5394115, at *2 (N.D. Cal. Sept. 27, 2016) (citation omitted); *see also* Fed. R. Civ. P. 45(f) Advisory Comm. Note (2013) ("In some circumstances … transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."). The Virginia court is also better situated to deciding the substance of Martorello's privilege and work product claims due to its familiarity with the issues and parties in the underlying case. *See Moon Mountain Farms,* 301 F.R.D at 430.

## CONCLUSION

For the reasons discussed above, the Court ORDERS that the Clerk of Court transfer this case to the Eastern District of Virginia for consideration of Martorello's motion to quash in the pending matter of *Williams v. Big Picture Loans, LLC*, E.D.Va. Case No. 3:17-cv-00461-REP-RCY. This Order disposes of Docket No. 1.

**SO ORDERED.**

Dated: February 5, 2018

SUSAN VAN KEULEN
United States Magistrate Judge